**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| **PHILLIP BUTT, et al.** | * |
| | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| | * |
| **v.** | * |
| | * |
| **AARAN KIMBERLY WILLIAMS,** | * |
| | * |
| **Defendant.** | * |
| | * |
| | * |

*Civil Action No.: CBD-20-2318*

**\*\*\*\*\***

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment ("Defendant's Motion"),
ECF No. 10.  The Court has reviewed Defendant's Motion and the opposition thereto.  No
hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons set forth below,
the Court DENIES Defendant's Motion.

### I.      Factual Background

Phillip K. Butt and Sandra Butt ("Plaintiffs")[1] allege that on or about September 16,
2019, at approximately 5:35 a.m., Mr. Butt, while operating his vehicle, entered onto the
National Security Agency ("NSA") property and stopped at the security gate.  Compl. ¶ 1, ECF
No. 3.  Plaintiffs assert that after an NSA security guard accepted Mr. Butt's identification, the
security guard raised the security gate so that Mr. Butt's vehicle could proceed forward.  *Id.*
Plaintiffs allege that as Mr. Butt proceeded through the security gate, Defendant was operating
her vehicle directly behind Mr. Butt's vehicle, and failed to stop at the security checkpoint,

---

[1] Mr. Butt is suing for negligence individually and Mr. Butt and Mrs. Butt are suing jointly as husband and wife.

causing the security guard to activate a barrier. *Id.* at ¶ 2. Plaintiffs also allege that the barrier deployed directly in front of Mr. Butt's vehicle, causing the vehicle to strike the barrier, which resulted in significant injuries to Mr. Butt, and significant damage to Mr. Butt's vehicle. *Id.*

Plaintiffs filed a complaint in the Circuit Court of Maryland for Prince George's County on or about June 17, 2020. Pet. for Removal, ECF No. 1. On August 10, 2020, the matter was removed to this Court pursuant to 28 U.S.C. § 1441(a) and Local Rule 103.5. *Id.*

## II.    Standard of Review

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is deemed genuine only if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is deemed material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Supreme Court has explained that the burden of proof lies with the movant to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to show an absence of evidence in the record as to an essential element of the claim or to present "specific facts showing that there is a genuine issue for trial." *Id.* at 324. A court reviewing a motion for summary judgment must view the evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.    Analysis

Defendant does not dispute that she was involved directly or indirectly in the accident that Plaintiffs allege.  Aff. of Aaron Kimberly Williams, ECF No. 11–1.  Rather, Defendant claims that under the Federal Tort Claims Act ("FTCA"), she is immune from liability because she was acting within the scope of her employment.  Def.'s Mem. in Supp. of Mot. 3–4. Plaintiffs do not dispute that Defendant is a federal employee.  Pls.' Mot. 2.  However, Plaintiffs aver that it is unclear at this stage whether Defendant was acting within the scope of her employment.  *Id.* at 3.  This Court agrees with Plaintiffs.

"The FTCA allows the United States to be sued for certain torts committed by its employees."  *Salazar v. Ballesteros*, 17 F. App'x 129, 130 (4th Cir. 2001) (citing 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671–2680).  Pursuant to the FTCA, "the United States is liable, as a private person, for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment.'"  *Garza-Ovalle v. Armstrong*, No. CV ELH-19-895, 2020 WL 230896, at *11 (D. Md. Jan. 15, 2020) (citing 28 U.S.C. § 1346(b)); *see also* 28 U.S.C. § 2674.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, which amended the FTCA and is commonly known as the ("Westfall Act"), "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."  *Osborn v. Haley,* 549 U.S. 225, 229, 127 S. Ct. 881, 887, 166 L. Ed. 2d 819 (2007) (citing 28 U.S.C. § 2679(b)(1)).  To obtain immunity, the federal employee who has been sued and the individual suing the federal employee, must follow specific procedures outlined in 28 U.S.C. § 2679(c).  *United Servs. Auto. Ass'n v. United States*, 105 F.3d 185, 186– 87 (4th Cir. 1997).  Specifically, "[a] federal employee who has been sued must deliver the suit

papers to his superior or other designated person who, in turn, must furnish copies to the appropriate United States attorney, to the Attorney General, and to the head of the employee's agency."[2]  *Id.* (citing 28 U.S.C. § 2679(c)).

After suit papers have been delivered by the federal employee, the Attorney General must certify that the federal employee was acting within his or her scope of employment during the alleged tortious act.  Salazar, 17 F. App'x at 130; *Walls v. O'Bryant*, No. CIV. A. DKC 09-0762, 2009 WL 3617755, at *2 (D. Md. Oct. 29, 2009); 28 U.S.C. § 2679(d)(1).  "If the Attorney General certifies that the employee was acting within the scope of his employment, the United States will be substituted as defendant and ['plaintiffs must pursue their claims under the FTCA']."  *United Servs. Auto. Ass'n*, 105 F.3d at 186–87; *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997); *see also Salazar*, 17 F. App'x at 130.  In other words, "[u]pon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee."  O*sborn*, 549 U.S. at 230.  However, "[i]f the Attorney General refuses to certify that the employee was acting within the scope of his employment, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment."  *United Servs. Auto. Ass'n*, 105 F.3d at 186–87.

---

[2] Federal law requires suit papers to be delivered to the Attorney General.  28 U.S.C. § 2679(c).  However, according to Maryland case law and case law in the Fourth Circuit, sometimes the United States attorney of that district determines whether an employee's employment should be certified.  *Doe v. Meron*, 929 F.3d 153, 160 (4th Cir. 2019) (" [T]he Attorney General of the United States, *or his delegee*, must certify that the defendant employee w[as] acting within the scope of [his or her] employment at the time of the incident out of which the claim arose.");  *Noel v. Huston*, No. CIV.A. DKC 13-1412, 2013 WL 6147819, at *1 (D. Md. Nov. 21, 2013) ("When a federal employee is sued for tortious conduct, the United States Attorney for that district, *acting on behalf of the Attorney General*, must certify whether the employee was acting within the scope of his or her employment at the time of the alleged act."); s*ee e.g.*, *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997); *Salazar*, 17 F. App'x at 131–32.

Here, the Court finds no evidence that Defendant followed the statutory procedures of the FTCA. There is no record of the Attorney General either certifying her employment or refusing to certify her employment. 28 U.S.C. § 2679(d)(1)–(3). Neither has Defendant asked the Court to certify her employment, in the event the Attorney General refused to do so. *Id.* Without Defendant completing this initial step of going through the certification process, the Court finds that the Westfall Act has not been activated and immunity does not apply at this stage. *Id.* This case is analogous to *Salazar*, 17 F. App'x at 130. In *Salazar*, the plaintiff sued a federal employee and the defendant removed the case to federal court. The court held that the suit remained against the defendant federal employee and not the United States.

> [T]he Westfall Act never was activated, because [the defendant] apparently failed to follow the elaborate statutory procedures for (1) notifying the Attorney General of the suit, (2) having the Attorney General certify his actions as "within the scope of employment," and (3) petitioning the court for such certification in the event that the Attorney General refused to do so.

*Salazar*, 17 F. App'x at 131–32. The Court finds similarly here that the Westfall Act is inapplicable at this stage and thus Defendant's Motion is at a minimum premature. While Defendant is correct in stating that the FTCA protects federal employees from tort claims arising from their scope of employment, the burden is on Defendant to satisfy the statutory and procedural elements in order to obtain personal immunity. Defendant's burden has not been met. The Court cannot determine at this stage whether Defendant was acting within the scope of her employment. In the current posture of the case, this decision rests solely with the Attorney General. 28 U.S.C. § 2679(d)(1). Accordingly, since Defendant has not followed the proper

procedures under the FTCA, the case remains against Defendant and the United States is not a proper party at this time.[3]

## IV.    Conclusion

For the reasons set forth above, Defendant's Motion is DENIED.

July 27, 2021                                                                    /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge

CBD/pjkm

---

[3] If Plaintiffs intend to sue the United States at the appropriate time, there are statutory requirements under the FTCA that Plaintiffs must meet.  Prior to bringing a claim against the United States under the FTCA, Plaintiffs must first file a claim with the appropriate agency.  *Henderson v. United States*, 785 F.2d 121, 123-24 (4th Cir. 1986); *see* 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a).  However, since this issue is not before the Court, the Court declines to address this issue further.